This case presents the question of whether and how this court will revisit and correct a prior holding of the court which has been undermined by subsequent decisions of the United States Supreme Court and other persuasive authority. In 2002, this court, United States v. Moore, held that a Massachusetts State District Court drug conviction was a predicate for a conviction under the Armed Career Criminal Act because the state statute provided for a potential sentence of 10 years' imprisonment even though a defendant prosecuted in district court actually faced a maximum sentence of 2 1⁄2 years in the House of Correction. Subsequently, in two cases, Carachuri decided in 2010 and Moncrief decided in 2013, both under the Immigration and Naturalization Act where the issue was what was an aggravated felony, the Supreme Court explicitly rejected that possible or hypothetical approach endorsed by this court in Moore when the issue for a predicate is essentially the sentencing exposure of a defendant. Instead, the Supreme Court said in both of those cases, the reviewing court should look at the sentence that a defendant actually faced as that case, the underlying case, was actually prosecuted in state court. I don't quite understand how you can take the view that the Carachuri and Moncrief cases changed anything given the fact that it seems to me those cases emphasize that what is essential is the state statute of conviction. In this case, if you look at the state statute of conviction, it did expose the defendant to a 10-year sentence. Subsequent to that charge being brought forth, a subsequent decision was made by the prosecutor to proceed in the district court, which limited the sentencing exposure to 2 1⁄2 years, but it did not change the statute of conviction, which is what is essential for the categorical purpose. So I don't see why Moncrief and Carachuri changed anything. Well, I respect that it's really the wrong premise. Let's look at Moncrief. In Moncrief, this was a Georgia statute. The statute of conviction, it was possession with intent to distribute. The statute of conviction provided for a potential penalty of more than a year. I think it was two years. So that would have made it an aggravated felony. But there was a different statute in Georgia, which said that for a first offender, there was a maximum sentence of less than a year. The case was prosecuted under the statute that said two years. So that was not dispositive. The Moncrief court said, under the categorical approach, yeah, we start by looking at the elements of the offense. The court said there are exceptions to the categorical approach. You look at sentencing factors. You look at what the pivot is, what the defendant was exposed to. If that's what you're relying on to decide if something is a predicate, let's look at what the defendant was actually exposed to, not what he was hypothetically exposed to if the state that the case had been prosecuted under. That's exactly what the court said in Moncrief. At the time that the charge was brought, there was nothing hypothetical. The statute provided, in fact, for a possible 10-year sentence. I disagree, Your Honor. When the case was brought, the case was brought in district court. There weren't two decisions made. There was one decision made. It was a complaint filed in the state district court. And under Massachusetts law, that charging decision, that one charging decision, did not expose a defendant to a possible sentence of 10 years. It exposed him to a possible sentence of 2 1⁄2 years. And it's fiction. It's totally fiction to say this 10 years in the statute in the airport, that's what we're going to pay attention to. The Supreme Court has said in Karachuri and Moncrief, that's not what we're going to pay attention to. We're going to look at what the defendant actually faced as a potential punishment. And in the wake of those cases, in the wake of Karachuri, the court remanded, reversed and remanded cases like Simmons in the Fourth Circuit and like Holstein. In Karachuri, at the time that the offense was committed, using the recidivist provisions of state law, the state hypothetically could have filed a charge, which for federal purposes could have been considered an aggravated felony. But they did not do that. They in fact filed a charge which did not match the federal offense. So again, looking at the statute of conviction, it did not, for categorical purposes, could not be considered an aggravated felony. So there was, the prosecution did have the option of bringing a different charge, but it didn't. It's the charge that was brought that matters for the categorical purposes. Well, Moncrief made it clear that it's not just the generic statute. To the extent of Karachuri, without any ambiguity, Moncrief said, what we said in Karachuri and what we meant is you look at what the defendant actually faced. That's what Moncrief says. You can't just look at Karachuri. You look at Karachuri and you look at Moncrief together. This court has never considered Moncrief, ever, at least based on my research. And so under that case, and that case construes Karachuri, and all of these subsequent circuits that have looked at this, the Fourth Circuit in the Madigan Sentence, the Eighth Circuit in Halter-Wanger, the Tenth Circuit in Brooks, they all, after those cases, they overruled their prior precedent. They said that hypothetical approach is no longer good law. We have to look at what the defendant actually faced. I mean, it makes sense to look at what a defendant actually faced. When you do a society where something is a serious drug felony, let's look at what a defendant actually faces, not some language in a statute which is inapplicable to the defendant. In Moncrief, again, the focus was the statute of conviction. The court looks at the statute of conviction and you could not tell from that state charge whether it involved any form of remuneration or a quantity of drugs that would match the federal offense. So, again, the focus was entirely the statute of conviction and did it categorically match up with a federal offense that would qualify as an aggravated felony. Well, I respectfully disagree, Your Honor, with what they said. I mean, if you want to use a lingo in this area, it's essentially like a modified categorical approach. You've got a statute. You've got 10 years in superior court. You've got 2 1⁄2 years in district court. It's divisible. If you're in district court, you're on the 2 1⁄2-year train. And if the defendant's on the 2 1⁄2-year train, he shouldn't be sentenced as though he's on the 10-year train. That's a different train. Thank you, Your Honor. Thank you. Good morning. Good morning, Judge Trey. May it please the Court. Mark Quindlen on behalf of the United States. If I could start with the last argument that my friend made, which is that this is akin to using the modified categorical approach. You look at the statute, which says 10 years in a state prison, 2 1⁄2 years in a house of corrections or jail, and therefore you go beyond the statute itself to look to where the defendant was charged. This Court flatly rejected that approach in Moore. This Court said the modified court categorical approach only applies to the conceptually different question, whether an offense constitutes a violent felony under the Armed Career Criminal Act, and only where a statute sets out two separate crimes, and therefore you look at a charging document or other appropriate paper to determine which offense was charged. In this case, this Court noted, by contrast, the Massachusetts drug offense sets out a single offense, although there are different possible sentences that could be given. So applying the categorical approach, that's the end of the inquiry. The statute sets out a maximum possible term of imprisonment of 10 years imprisonment. The statute does not, you have to take additional steps to then say, well, the case was prosecuted in state district court. Are there external limitations on the sentence that a state district court could sentence a defendant to? And of course, what this Court said in Moore about the modified categorical approach is entirely consistent with what the Supreme Court has said in Decomp and in Mathis. The Court has repeatedly emphasized the narrow and limited purpose of the modified categorical approach. It only applies in instances in which there is a divisible statute in terms of the crimes within that statute, not the possible sentences that may be issued. In our view, this case is squarely foreclosed under the law of the Circuit Doctrine. I've discussed Moore, in which this case first reached that conclusion. In weeks, this Court reaffirmed Moore and also noted that the defendant's reliance on Rodriguez didn't alter the conclusion because the relevant criminal statute is, in this case, Section 32A, which sets the maximum term of imprisonment of 10 years in a state prison, not other statutory sources which might limit the jurisdiction of the district courts. And most pertinent to my friend's reliance on Karachuri in Hudson, which was decided almost six years after Karachuri-Rosendo, this Court once again reaffirmed its decision in Moore in weeks. And although this Court did not cite Karachuri-Rosendo, that case was extensively briefed by the parties, and this Court said that the defendant had pointed to no new authority or a previously unaddressed authority that would call Moore or Weeks into question. At the time we decided Hudson, had Moncrief been decided? They're both 2016 cases, isn't that correct? I believe Moncrief was 2013. Oh, excuse me. So admittedly, Moncrief wasn't in the parties' briefs. But Moncrief was, I believe, a 2013 case, so once again it certainly doesn't fit the parameters of the exceptions to the law of the circuit doctrine, which is a... But did we, if you recall, did we actually, in deciding Hudson, did we address the significance of Moncrief? No, it is not set forth in the papers, Judge Lopez. I would add, although it's only for persuasive value, this Court, in its unpublished decision or the unpublished judgment in the Alex Rodriguez case, which we have in our addendum, said that, rejected the argument that Karachuri-Rosendo called Moore or Weeks into question. That case, admittedly, was on plain error review, but this Court went beyond and said even beyond the limitations placed on plain error review, we see nothing that would call our prior decisions into question. Karachuri-Rosendo isn't directly on point, so it doesn't apply under the first exception to the law of the circuit doctrine, and the Court said that we see nothing that would suggest that the original panel would have reconsidered its decision in light of that Karachuri-Rosendo. So, I think this Court, the unpublished judgment in Alex Rodriguez, certainly is persuasive authority for the proposition that Karachuri-Rosendo does not call this Court's decisions into question. Counsel, your opponent points out that you, in your briefing, you really don't respond to their analysis of the breaking and entering charge that is part of the appellant's record, and they view that as essentially a concession that they are correct in their analysis. How do you respond to that suggestion that you have conceded the correctness of their argument? We did not concede that, Your Honor. I believe that we expressly said that in an appropriate case, we might make the argument that the breaking and entering statute is a divisible statute. For purposes of this decision, where the defendant has, in our view, four predicate ACC8 predicate convictions, we did not think it was necessary to brief that issue, particularly where, when asked by the district, when the district court raised this issue, the government below said it was not taking a position on the breaking and entering, and the district court said that, you know, it didn't want to resolve that issue, given the concerns that my friend had raised about it. That does raise an additional point, which is when the district court in that sentencing said that aren't all of these issues, in effect, said aren't all of these issues governed by a controlling precedent, the defendant's position was that the only point that probation had gotten it wrong was on the B&A conviction, because Mathis had called this court's earlier decision in Duquette into question. So Caraturi, Rosendo, and Moncrief were never cited to the district court. It was never argued to the district court that those decisions called this court's prior decisions into question under the law of the circuit doctrine. To the contrary, there was, in our view, an affirmative representation that probation had gotten it correct in calculating this or determining that this crime qualified as a serious drug offense, albeit preserving the argument that the prior decisions were wrongly decided. So as we've argued in our brief, if not outright waiver of the claim that Caraturi, Rosendo, calls this court's decision into question, this claim at most comes to this court on plain error review, which we submit the defendant can't show. Thank you. Thank you. I neglected to state that it's probably obvious that Judge Thompson, who was a member of this panel, is not present today, but will participate in the hearing today after hearings are over. Thank you. Your Honor, first of all, there clearly was no waiver. The defendant objected to the PSR that he was an armed career criminal. He objected to the sentencing memo. He objected at the sentencing hearing. As was my duty, I acknowledge in the district court that under the holdings of this court, he was an armed career criminal because these drug convictions were predicates. That was my duty to do that. Certainly, by not making a full-blown argument about Caraturi and Moncrief in front of a district judge who has no authority to overrule this court's precedence, I didn't weigh in anything. So I think that's a frivolous argument. The judge knew what the issue was. The judge said, my hands are tied. And I said, his hands were tied. And his hands were tied. And that's why I'm before your honors. As the court knows, there really are two kinds of ACCA predicates. There are predicates that have to do with elements, and there are predicates that have to do with sense and exposure. With respect to the elements, this court has taken, in the past few years, a much more nuanced approach. I mean, Mangos has given way to Holloway. Earlier cases have given way to Faust. This court looks much more carefully. It doesn't just blindly say, under Taylor, we just look at the statute and nothing else. This court looks at things in a more nuanced, sophisticated fashion. Now, this case raises the other side, where we're talking about sensing exposure. And on that side, Moore essentially was, I submit, basically a knee-jerk sort of application of Taylor. But the Supreme Court has now given a lot of guidance on this and said, no, we don't just. We look at what sentence the defendant actually faced. That is appropriate. And it also is common sense, your honors. And I ask this court to revisit Moore either as a panel, because its precedent is undermined by the subsequent authority, or by referring it to the full court for a long review. Thank you. Just one question. Just as a mechanical matter, when the charge was first brought in this case, I think I understood you to say earlier, counsel, that the charge was actually filed in the district court. Is that correct? Yes, your honor. It wasn't. There was no indictment. It was a complaint filed in the district court. So he was never exposed to more than two and a half years, ever. And if we examine the record, then the charge will reflect. It will be pursuant to a statute which states that if this charge is brought in the superior court, the exposure would be 10 years. Is that correct? It will be pursuant to a statute that says the maximum sentence in state court for this offense in district court is two and a half years. But the statute does say 10 years in prison or two and a half years in a house of correction. It's just that if you're in district court, you can't be sentenced to stay in prison. So that part of the statute does not apply in district court. Period. So given that decision, you say that the 10 years simply hypothetically was available, but given the choice initially to go into district court, it simply remained hypothetical. Exactly, your honor. That's the approach the Supreme Court rejected in caretory. And my briefing, in fact, the court said that for the federal court to ignore that charging decision would essentially be to really step on the state prosecutors because they decided to prosecute the way they decided to prosecute it, and that should be respected and basically adhered to by this court, by federal courts, in deciding what to do with that prior conviction. All right. Thank you. Thank you, your honor.